GEORGE W. LANE *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion January 25, 1898.

*Way.  Defect.  Notice.  Road Machine.  Contributory Negligence.*

The plaintiff's horse became frightened at a road machine or steam roller, which was being propelled by steam in repairing a street under the direction of the street commissioner of the city of Lewiston, and the plaintiff sustained severe injury by being thrown from his carriage in consequence of the fright of his horse.

A city or town is bound by law to keep its streets and highways safe and convenient for travelers, and to accomplish this duty it has the right to use such instrumentalities as may be proper and necessary for that purpose.

There can be no liability on the part of a city or town for using the means necessary and proper for carrying out its duty in making streets or highways safe and convenient, when notice of such use has been brought home to the traveler before an injury has occurred in consequence of such use.

Such obstructions, while they may necessarily impede travel over the street to a greater or less extent, cannot constitute a defect within the meaning of the statute, and neither can the legitimate and proper use of such appliances afford any ground for a recovery.

The notice of use which it is the duty of the city or town to give to the traveler is sufficient when the traveler sees and apprehends the danger in season to avoid it.

Such knowledge on the part of the traveler is notice to himself, for no one needs notice of what he already knows.

ON REPORT.

This was an action on the case to recover damages for an injury to the plaintiff on June 18, 1896, while driving easterly along Pine Street in the city of Lewiston, caused by the fright of his horse at a road machine being propelled by steam westerly along the street, under the direction of the street commissioner of the city of Lewiston, and being used in repairing the street.   The plaintiff claimed that the evidence showed the machine with its puffing, escaping steam and motion, frightened his horse, so that he ran away and threw the plaintiff upon the street and severely injured him.   The plaintiff further claimed that it was customary to place a bar across the street at either end when the steam roller was being

used, to prevent people from traveling along the street in proximity to the machine, and to warn them of the danger; and on this particular day nothing of the kind was done to stop travel on the street while the machine was being used, and that the street was left open and the public had no notice until they were in the street too late to turn back.

*W. H. Newell and W. B. Skelton,* for plaintiff.

Any obstruction in the traveled way which endangers public travel, whether it be a structural defect, a want of repair, or an object, if it has been allowed to remain there for a sufficient length of time, constitutes a defect for which the city is liable.

In this particular case no previous notice to the city is necessary, because it was placed there by the street commissioner of the city.

The real question is whether the street, with this machine in operation, was reasonably safe and convenient for travel, and whether it would frighten an ordinarily safe and well-broken horse.

It was placed there under the orders of the street commissioner. It was dangerous, and the street commissioner knew it. He was accustomed to place bars across the street to keep people from passing along the street with teams while it was in operation. The very fact that he was accustomed to do this shows that he understood the danger it offered to travelers. And the very fact that he did not cause it to be done this time shows that the defendant, acting through him, was negligent.

Counsel argued: (1.) This machine in operation, as it was, was a defect.

(2.) That it was placed there by the defendant acting through the street commissioner.

(3.) That the plaintiff did not know it was there in use prior to the time of the accident.

(4.) That there was no contributory negligence on the part of the plaintiff.

(5.) That the plaintiff was seriously injured solely through the negligence of the defendant acting through its servants and agents.

*Harry Manser,* city solicitor, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

FOSTER, J.    Action on the case to recover damages for an injury to the plaintiff while driving easterly along Pine Street in the city of Lewiston, caused by the fright of his horse at a road machine, or steam roller, which was being propelled by steam westerly along the street under the direction of the street commissioners of the city of Lewiston.

The case comes before the court on report, and two questions only need be considered in determining the rights of the parties. First.    Was the steam roller, under the circumstances, a defect for which the city is responsible in this action?    Second.    Was the plaintiff himself in the exercise of due care at the time the accident occurred?

Both of these questions, we think, must be answered in the negative.

The machine was in operation at the time for the purpose of repairing one side of the street, leaving the other side open and unobstructed for the passage of travelers upon it.    This appliance is one of the most modern and useful in building and maintaining permanent and durable streets.    The city is bound and obliged by law to keep its streets safe and convenient, and this is one of the instrumentalities obtained by the city at large expense for that very purpose.    Certainly there can be no liability on the part of a city or town for using the means necessary and proper for carrying out its duty in this respect, where notice of such use has been brought home to the traveler before an injury has occurred in consequence of such use.    Such obstructions, while they may necessarily impede travel over the street to a greater or less extent, cannot constitute a defect within the meaning of the statute, and neither can the legitimate and proper use of such appliances afford any ground for a recovery.    To be of any use whatever the machine must be operated, and the necessary noise and motion attendant upon its operation cannot in a legal sense constitute a defect, especially where the traveler has reasonable notice of any danger that might

be occasioned by reason of the same, but does not use due care to avoid it.

The doctrine here enunciated is supported by the decisions of our own court, and it is only necessary to refer to *Morton* v. *Frankfort*, 55 Maine, 46, where the court say: "Towns are not liable for injuries occasioned by such obstructions as are nesessarily erected on highways in order to repair them, provided reasonable measures are taken to notify travelers of their existence. Such obstructions are not in any proper sense defects. They are the necessary means to a lawful end,—means necessary to the performance of a duty imposed by law,—and when reasonable notice of their existence is given, create no liabilities on the part of towns for injuries occasioned by them. To hold towns liable in such cases would be to impose a penalty, not on their negligence, but on the means necessary to the performance of a legal duty. The law, rightly administered, will lead to no such absurd results."

But it is contended that reasonable notice was not given, and that there were no fences or safe-guards erected to prevent travelers passing upon the street and encountering such dangers.

The evidence shows that the plaintiff turned into Pine Street from a cross street at least one hundred feet below the point where the roller was stationed. It was in broad daylight, with nothing to obstruct his vision, and the roller was in plain sight as he himself admits. He proceeded to pass up the street, approaching and passing the roller, and when he got "near the machine" his horse became frightened, ran up street and against a tree throwing the plaintiff out and producing the injuries of which he complains. He was well acquainted with the nature of the roller, and had seen it in operation before the time when the accident occurred. It was his duty to have exercised due care, and without which, even though the defendants may have been at fault, he cannot recover. *Mosher* v. *Smithfield*, 84 Maine, 334; *Merrill* v. *North Yarmouth*, 78 Maine, 200.

He saw the machine when at least one hundred feet distant from it, and with his knowledge of its operations he saw fit to take his chances and undertake to approach and pass it. The result was

unfortunate, but the city can not be held responsible for the injuries which he received. No notice was necessary when he saw and apprehended the danger in season to have avoided it. Such knowledge on his part was notice to himself. No one needs notice of what he already knows.

Suppose it is found necessary to repair a highway by removing a defective or unsafe bridge over a stream and replacing it with a new structure? This duty is imposed upon the town; they are obliged by law to do it. If a traveler approaches in broad daylight, and, with the knowledge that the bridge is removed, undertakes to cross the chasm, he takes his chances, and if he sustains damage the town surely could not be held responsible. His knowledge of the danger is equivalent to prior notice on the part of the town.

But it is claimed in this case that when he turned into Pine Street and was within one hundred feet of the roller there was not sufficient opportunity for him to turn round, and hence he was obliged to proceed in the direction of the roller. The evidence does not satisfy us that he had not sufficient opportunity to change his direction of travel upon a street the width of that one. From a careful examination of the evidence we are satisfied that by the proper exercise of due care on his part this accident might have been avoided, but having failed in that respect and taken his chances he must abide the result.

*Judgment for defendant.*