[No. 31546. Department Two. February 1, 1951.]

MARVIN R. DALTON, *Appellant*, v. PIONEER SAND & GRAVEL COMPANY, *Respondent*.[1]

[1]Reported in 227 P. (2d) 173.

*Taylor & Revelle,* for appellant.

*Jack Hullin* and *Ballinger, Hutson & Eberharter,* for respondent.

MALLERY, J.—The plaintiff, desiring to lay a concrete floor in his basement, ordered the required amount of ready-mix cement from the defendant, who delivered it to plaintiff's home. The mix was poured directly into the basement from the truck by means of a chute, where the plaintiff, attired in heavy shoes, overalls and gloves, spread it with a shovel. After the floor was covered, he knelt on a large board, without using any knee pads, and finished the smoothing of the surface with a smaller board and a trowel. The entire operation took about two hours.

Afterwards, while taking a bath, plaintiff noticed spots breaking out on both knees. This "rash" became progressively worse, developing into blisters, and was subsequently diagnosed as third-degree chemical burns resulting from contact with prepared cement. The flesh of both knees came off, and skin grafting became necessary.

The plaintiff testified that he had had several years' experience in mixing cement, and that he was familiar with the drying effect wet cement would have on exposed skin.

This action, to recover for his injuries, was tried to the court. At the end of plaintiff's case, the defendant's motion for a dismissal was granted. This appeal followed.

The appellant asserts a breach of implied warranty under the uniform sales act, his theory being that his injury shows the cement was not of merchantable quality. No evidence was introduced to show that this cement contained any unusual substance, or differed from ordinary cement in any way.

"Merchantable quality" means that the substance sold is reasonably suitable for the ordinary uses it was manufactured to meet. 27 Words and Phrases (Perm. ed.) Supp. 22. No contention is made by the appellant that the cement was not satisfactory for the purpose of laying a basement floor. This is the only purpose for which the test of mer-

chantability could be applied under the act. We find the act to be inapplicable to the situation here presented.

The appellant urges, as a second theory of liability, that the cement had a concealed or hidden danger unknown to the appellant; that the respondent should have warned him that it would burn the skin, and that his failure to do so was actionable negligence.

The injury occurred in the handling of a standard and common commodity. No attempt was made to show that knowledge of its nature is limited to experts and is beyond the ken of laymen, generally. The duty appellant seeks to invoke does not arise unless there is a showing of inherent danger in the material, known only to experts, which the seller knows or ought to know would likely produce injury to a handler of ordinary knowledge and prudence.

The judgment is affirmed.

SCHWELLENBACH, C. J., ROBINSON, GRADY, and HAMLEY, JJ., concur.