Robert OETTINGER
v.
NORTON COMPANY.
Civ. A. No. 18915.

United States District Court
E. D. Pennsylvania.
Oct. 16, 1957.

Harvey Levin, Bernstein & Bernstein, Philadelphia, Pa., for plaintiff.

Philip Price, Arthur W. Leibold, Jr., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

In this diversity action the plaintiff recovered a jury verdict in the amount of $10,000 for an injury to his eye, occasioned when a spindle of a mounted abrasive point, manufactured by the defendant, being operated by him at high speed, broke, and a piece went through his safety goggles. The evidence was that the accident occurred solely because the point was being operated at a speed greatly in excess of its maximum safe speed, it being conceded that it was in no way defective.

The negligence charged against the manufacturer and the theory upon which the plaintiff's case was submitted to the jury was that the defendant failed to do all that it reasonably might have done to give notice of the latent limitations of abrasive points to prospective users or, in other words, of the maximum speed at which the points could be safely used. Specifically, the plaintiff's contention was that such information or warning should have been plainly marked either upon the point itself or upon the container in which it was packed. The defendant con-

tended that this method was impracticable and it had adopted the method of distributing pamphlets containing the requisite information to the various shops and industries where the points were to be used.

It is undisputed that the plaintiff was an experienced workman with approximately four years of apprenticeship and four years as tool maker behind him, that during his training he had learned the principles of speed differentials and knew that there are wide variances in safe operating speeds, caused by the size of the mounted point, the overhang, and the diameter of the spindle. He was fully aware of the danger in operating points at excessive speeds and he knew that there were notices and pamphlets in the shops which showed the safe speeds of wheels of various dimensions. Specifically, he knew that his employer, the Arrow Company, had such pamphlets available to the men and he knew where in the shop they were to be found. He also knew that the necessary information did not appear on the points themselves or on the boxes in which they were packed.

Being fully aware of the dangers attendant upon the high speed operation of grinding wheels and of the easy availability of complete information by which risk of accident could be avoided the plaintiff proceeded to operate his wheel without making any effort to learn whether it was safe to do so. As a matter of fact, he did not even try to find out the speed at which he was working but guessed it to be about 60,000 r. p. m. Actually it was 73,000 and the maximum safe operating speed for his point was 43,000. In view of his training and experience, his knowledge of the danger and his failure to consult available sources of information, it must be held that he was guilty of contributory negligence.

In addition, as stated, it is undisputed that the defendant placed in the hands of the plaintiff's employer all the information on the maximum safe speeds of mounted points necessary to insure their safe operation. Under the decisions of the Supreme Court of Pennsylvania in Valles v. Peoples Pittsburgh Trust Company, 339 Pa. 33, 13 A.2d 19, and the Court of Appeals for the Third Circuit in Hopkins v. E. I. DuPont de Nemours & Co., 212 F.2d 623, the defendant was not required to do more. The plaintiff's case, therefore, fails to show negligence on the part of the defendant—another reason why the motion for judgment must be granted.

The defendant's motion for judgment notwithstanding the verdict is granted and judgment may be entered.