[Civ. No. 17671.   First Dist., Div. Two.   Jan. 30, 1958.]

ANDREW PEDROLI et al., Appellants, v. C. L. RUSSELL et al., Defendants; MUND BOILERS. INC. (a Corporation), Respondent.

282

Low & Burnside and Howard S. Burnside for Appellants.

Nelson, Boyd & Menary, Thomas C. Nelson and D. K. MacDonald for Respondent.

DRAPER, J.—Two of the plaintiffs, Mrs. Roberts and Mrs. Schwager, operated a shop for the alteration and pressing of clothing. They ordered a steam boiler from one Russell, a jobber or distributor of laundry and dry cleaning equipment. Russell sold them a boiler manufactured by defendant Mund Boilers, Inc., and suggested their employment of one Thomas to install it, Russell agreeing to pay the labor cost. Thomas placed one 3-inch course or layer of fire brick on the wooden floor of the shop, and placed the boiler upon it, with no heat resistant substance or air space between the boiler and the floor. The five horsepower boiler was enclosed in a metal cabinet 37½ inches high, 48½ inches long, and 20½ inches wide. There was no bottom wall, and the gas burner was a few inches above the bottom

of the side walls. An advertising pamphlet issued by defendant said of this boiler that "no special space, pit, or foundation is required for its installation." In the early morning of April 17, two to three weeks after the boiler was installed, the shop was swept by a fire which started in the floor immediately beneath the boiler.

Plaintiffs Roberts and Schwager brought this action for damage to their equipment caused by the fire and for the amounts they had been required to pay to customers for clothing destroyed. Joined with them as plaintiffs were Mr. and Mrs. Pedroli and Mr. and Mrs. Aldera, owners of the building in which the shop was located; a tenant of the same building who had lost personal property in the fire; and the insurers of an adjoining building also damaged. Russell and Thomas were joined as defendants, but the action was dismissed as to them, and was tried only against defendant Mund Boilers, Inc. At the close of the nonjury trial, judgment was entered for defendant. All plaintiffs appeal.

The briefs are largely devoted to discussion of the authorities dealing with liability of a manufacturer to one who did not purchase from or otherwise contract with him. Our courts have long recognized liability, without privity, for injuries caused by defective chattels. The earlier applications of the rule were based upon knowledge of the defect by the manufacturer or seller, and his "concealment" of the defect (*Lewis* v. *Terry*, 111 Cal. 39 [43 P. 398, 52 Am.St.Rep. 146, 31 L.R.A. 220]), or upon preparation or sale of articles imminently or inherently dangerous to human safety (Prosser on Torts, 2d ed., 499). In 1916, the New York Court of Appeals, in an opinion by Justice Cardozo, held that the principle is not limited to "things which in their normal operation are implements of destruction." Rather "[i]f the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger" and the manufacturer, if he knows that it will be used by persons other than the purchaser, without new tests, is "under a duty to make it carefully" (*MacPherson* v. *Buick Motor Co.*, 217 N.Y. 382 [111 N.E. 1050, L.R.A. 1916F 696, Ann.Cas. 1916C 440]; for full discussion of development of the principle, see Prosser on Torts, 2d ed., 497-513). The rule of the MacPherson case has been adopted in California (*Kalash* v. *Los Angeles Ladder Co.*, 1 Cal.2d 229 [34 P.2d 481]), and has been applied where the only foreseeable risk is of danger to tangible property

(*Kolberg* v. *Sherwin-Williams Co.*, 93 Cal.App. 609 [269 P. 975] ; see also discussion in *Biakanja* v. *Irving*, 49 Cal.2d 647 [320 P.2d 16] [filed January 17, 1958]).

These rules, however, do not directly govern the case at bar. Appellants specifically disclaim the contention that the damage here resulted from faulty fabrication or from mere operation of the boiler for the purpose for which it was intended. Rather, appellants contend that the boiler manufactured by respondent was dangerous if placed in use upon a combustible floor unless adequately insulated against heat. They assert that, at least in the light of the statements of the advertising material, it was respondent's duty to warn of the need of such insulation, and that the admitted lack of such warning renders it liable here.

■ It is clear that the manufacturer of a dangerous device has a duty to warn of its dangerous propensities, and is liable to one whose injury results from such failure to warn, even though the injured party did not purchase directly from him (*Larramendy* v. *Myres*, 126 Cal.App.2d 636 [272 P.2d 824]). That case differs from ours in that specific directions provided by the manufacturer were followed, and resulted in injury. Thus more than mere failure to warn was involved. For purposes of this decision, however, we assume that the rule of Larramendy, if applicable upon the facts, governs the case at bar.

■ In determining applicability of that decision, the first question is whether the boiler here involved is a dangerous device within the meaning of the rule. Undoubtedly there are articles which are, as a matter of law so dangerous as to require warning. But no such situation is here presented. This boiler could cause harm only when placed upon a combustible floor without insulation. ■ Whether the likelihood of such a use is sufficient to require warning is a question of fact (*Kalash* v. *Los Angeles Ladder Co., supra,* 1 Cal.2d 229, 233: *Larramendy* v. *Myres, supra,* 126 Cal. App.2d 636, 641; *Phillips* v. *Ogle Aluminum Furniture, Inc.,* 106 Cal.App.2d 650, 654 [235 P.2d 857] ; see also *Hale* v. *Depaoli,* 33 Cal.2d 228, 231-232 [201 P.2d 1, 13 A.L.R.2d 183]). The trial judge found that the boiler was not "unsafe or imminently dangerous to life or property when used for the purpose for which it was manufactured or sold." This finding is amply supported by the evidence.

■ Also clearly a question of fact for the trial court was the issue of proximate cause. The evidence showed that,

despite the lack of warning, plaintiff shop owners recognized the need for protection of the wood floor from the heat of the furnace. Unfortunately, they chose fire brick, which is a conductor of heat. There was other evidence that these plaintiffs were heedless of warning, and that lack of cautionary instruction by respondent was not a factor of causation. Very shortly after installation of the boiler the chief of the fire prevention bureau of the fire department warned appellant shop owners that he "was not satisfied" and that another base should be used for the boiler. The man who had installed the boiler offered to correct the base without labor charge, but appellants chose not to have the work done. The evidence supports the trial court's finding that the fire was caused solely by the negligence of appellant shop owners, Russell, and Thomas, and the necessarily implied finding that respondent's failure to warn was not a proximate cause of the fire.

▮ Appellants also assert that they are entitled to recover upon an alleged express warranty. Respondent's advertising pamphlet said "no special space, pit, or foundation is required" for installation of this type boiler. Whether this is a warranty that the boiler can be safely placed upon a wood floor, or upon such a floor over one course of fire brick, is a question of fact. The trial court found that there was no such warranty. It is unquestioned that no special pit or space was required. The evidence supports the view that the word "foundation" as used in the claimed warranty dealt with structural strength, and not with insulation. From the expert testimony offered, as well as from other evidence, the court could conclude that the statement was not intended by the manufacturer nor accepted by the ultimate purchasers as a warranty of the sort asserted by appellants. Also, reliance is an essential of recovery upon express warranty. As previously pointed out, there is evidence warranting the inference that there was no such reliance. The court found that the fire was caused solely by the negligence of the shop owners, their supplier and their installer. This implies a finding that reliance upon warranty was not a proximate cause, either because the alleged warranty was not made or was not relied upon. We need not pass upon the effect of lack of privity upon the right of recovery upon express warranty.

▮ Appellants urge also that the trial court erred in denying their motion to strike the pleaded defense of con-

tributory negligence. The court found that the negligence of Roberts, Schwager, Russell and Thomas was the sole proximate cause of the 'fire. Thus contributory negligence was not found. Of course, the negligence of Roberts and Schwager, if merely concurring as a proximate cause with defendant's negligence, would not relieve defendant of liability to other plaintiffs to whom the contributory negligence was not imputable. But here the court found that the negligence of two appellants and two who are not parties was the sole proximate cause of the injury to all plaintiffs. It follows that denial of appellants' motion to strike, even if error, was not prejudicial.

Appellants also urge error in rejection of their offer to prove that respondent manufactures another boiler of larger capacity, which has a "baffle plate or radiation sheet" some three or four inches above the floor. The offer did not include any suggestion that the plate or sheet was heat resistant. One expert testified that the purpose of such a plate generally was merely to regulate draft—to act as a "damper." Appellants' offer also lacked any suggestion of similarity in type and location of the burners in the boiler equipped with such a sheet. Thus the offer fails to show relevancy of the offered evidence. There was no error in sustaining the objection to it.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 26, 1958.