Dorothy PARKER, Appellant
(Plaintiff below),

v.

HEASLER PLUMBING & HEATING COM-
PANY, a partnership, Appellee
(Defendant below),

Hitz Construction Company, a corporation,
Richard Heasler, d/b/a Heasler Plumbing
& Heating Co., Tresler and McCall, a part-
nership, George W. Tresler, Wallace Walsh,
d/b/a Cody Electric Supply, Cody Gas
Company, a corporation, and State of Wy-
oming, Workmen's Compensation Depart-
ment, ex rel. the State Treasurer, C. J.
"Doc" Rogers, (Defendants below).

No. 3161.

Supreme Court of Wyoming.

Jan. 24, 1964.

Ross & Buge and Vincent A. Ross,
Cheyenne, for appellant.

William S. Bon, Casper, for appellee.

Before HARNSBERGER, GRAY, and
McINTYRE, JJ.

Mr. Justice McINTYRE delivered the
opinion of the court.

Dorothy Parker, plaintiff, sustained in-
juries from an incinerator in a school
cafeteria at which she worked, in Cody,
Wyoming. She sought damages from sev-
eral defendants including Heasler Plumbing
& Heating Company, a partnership, which
had installed the incinerator. Summary

judgment was granted for Heasler, and an appeal therefrom is now before us.

Prior to entry of the judgment in favor of Heasler, all other defendants had been either voluntarily dismissed by plaintiff or dismissed on summary judgment by the court. No appeal was taken from any of those judgments, and we are concerned only with the action of the district court in granting summary judgment to Heasler.

Plaintiff's complaint alleged negligence on the part of Heasler in the "maintenance and construction" of the incinerator. However, despite Heasler's motion for summary judgment, no effort was made by plaintiff-Parker to set forth by affidavits or otherwise any facts tending to show negligence on the part of Heasler in construction or installation, nor to show that this firm had any responsibility for maintenance.

On the other hand, an affidavit of one of the Heasler partners affirmatively asserted that the incinerator had been properly installed; that it was the make and kind specified in Heasler's contract and in the plans and specifications of the architects; that Heasler had no responsibility for maintenance; that plaintiff's accident was caused by overloading the incinerator with milk cartons and refuse and then opening the door of the incinerator and causing a sudden burning by the admission of oxygen; and that an inspection after the accident disclosed the incinerator had not been damaged and there was nothing faulty about it or its installation.

It stands, then, tacitly admitted that there was no genuine issue as to any material fact to be tried by the court, as far as the acts of negligence alleged in the original complaint are concerned. Counsel for plaintiff-appellant has not claimed otherwise in argument to us.

The plaintiff did, however, seek to amend her complaint and to allege that defendant-Heasler had knowledge of the fact that the incinerator was such that persons operating it could be injured if not instructed on the dangers of its use and operation; and that Heasler was negligent in failing to post warning instructions detailing the proper use and operation of the incinerator.

The record indicates the trial court gave consideration to plaintiff's motion to amend and that it called for briefs from counsel on both sides, dealing with these questions:

1. Whether, under the facts alleged in the amended complaint and appearing in the affidavits before the court, there was a duty on the part of the plumbing company to post or give instructions and warnings concerning the use of the incinerator.

2. If so, whether sufficient warnings were in fact given.

The court properly, we think, took the position that if no duty existed, or if circumstances in the case extinguished such duty, then no purpose would be served in allowing the amendment and summary judgment should be entered. It was apparently on this basis that the motion to amend was denied and judgment for Heasler was entered.

Argument was indulged in by counsel on both sides, in the trial court and also before us, on the question as to whether a lack of privity of contract between plaintiff and this defendant bars plaintiff from recovery. Both sides point to cases annotated on this subject in 74 A.L.R.2d 1111, the cases relied on by plaintiff-Parker commencing on page 1142. Her attorney takes the position that no privity is required in cases involving products inherently dangerous and that the incinerator involved in this case is such a product.

### Absence of Latent Defect

We are cited to no authority which holds that an incinerator, absent a defect in design or construction, is an inherently dangerous product in the sense that it would be an exception to the privity rule. We ourselves find no such authority. In fact, we are convinced the rule is quite

well established that the manufacturer or seller of a machine, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers. Campo v. Scofield, 301 N.Y. 468, 95 N.E.2d 802, 803.

■ Accordingly, if a remote user sues a manufacturer or seller of an article for injuries suffered, he must allege and prove the existence of a latent defect or a danger not known to plaintiff or other users. This statement was made in the Campo case. It has been adopted and followed in other cases including Tyson v. Long Manufacturing Company, Inc., 249 N.C. 557, 107 S.E.2d 170, 172, 78 A.L.R. 2d 588, where a manufacturer was held not liable for injuries received by an operator on a tobacco harvester. The court in that case said evidence was lacking to show the tobacco harvester had a latent defect or a concealed danger.

In cases dealing with a manufacturer's or seller's liability for injuries to remote users, the courts have generally stressed the duty of guarding against *hidden* defects and of giving notice of *concealed* dangers. Tyson v. Long Manufacturing Company, Inc., supra, at 107 S.E.2d 173; Rosebrock v. General Electric Co., 236 N.Y. 227, 140 N.E. 571, 574. See MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, 1053, Ann.Cas.1916C, 440, L.R.A.1916F 696; and Huset v. J. I. Case Threshing Mach. Co., 8 Cir., 120 F. 865, 872, 57 C.C.A. 237, 61 L.R.A. 303.

The United States Circuit Court of Appeals, District of Columbia, in Jamieson v. Woodward & Lothrop, 101 U.S.App. D.C. 32, 247 F.2d 23, 26, certiorari denied 355 U.S. 855, 78 S.Ct. 84, 2 L.Ed.2d 63, has said a manufacturer cannot manufacture a knife that will not cut or a hammer that will not mash a thumb or a stove that will not burn a finger.

■ In the case at bar, we see no reason to consider the incinerator materially different from a stove. It is a matter of common knowledge that the opening of a door or admitting of oxygen will cause a sudden burning of refuse in a stove or incinerator.

■ The principle that a danger other than one of common knowledge must be present, in order to impose upon a manufacturer or seller a duty to warn, was followed in the case of Katz v. Arundel-Brooks Concrete Corporation, 220 Md. 200, 151 A.2d 731, 733, 78 A.L.R.2d 692. In that case a seller of a ready-mixed concrete was held not to have a duty to warn as to the chemical properties of wet cement. The wet cement caused third-degree burns on Katz's knees, but the court held a directed verdict for defendant was proper, in view of common knowledge of the caustic effect of cement when mixed with water.

A similar holding was made in the case of Dalton v. Pioneer Sand & Gravel Co., 37 Wash.2d 946, 227 P.2d 173, 174, which also involved injury from a ready-mixed cement. It has been commonly held there is no duty to warn of dangers which are manifest. See Annotation 78 A.L.R.2d 594, at 607, and the cases cited in note 16.

### Duty to Warn

Even if it could be held, under the circumstances of this case, that Heasler, as the installing contractor and not the manufacturer, had a duty to warn remote users of the propensities of this incinerator, the uncontradicted facts presented to the court indicate a proper warning was given.

The affidavit of Richard W. Heasler, a partner in the plumbing firm, indicates without contradiction on the part of plaintiff that complete operating instructions were furnished by the manufacturer with the incinerator and given by him to the school district; that he instructed the custodian of the cafeteria as to the proper operation of the incinerator; and that he also warned plaintiff herself about overloading the incinerator with milk cartons and refuse and not to look into the open-

ing to see if the refuse was burning.

Subsequent to the filing of the Heasler motion for summary judgment, the court entered a special order allowing plaintiff time within which to propound such interrogatories, take such depositions, and make and furnish such affidavits as she might elect, traversing the affidavits on file, and which would show what, if any, genuine issues of fact existed between the parties.

Despite this invitation on the part of the court for Mrs. Parker to traverse the affidavits for summary judgment, she did not offer any evidence tending to show either a faulty design in the incinerator or a defect in its construction. Neither did she see fit to traverse the fact that she had been warned as stated by Richard W. Heasler. Indeed, the effect of the warning to plaintiff was discussed by the attorneys in briefs submitted to the trial court, and still without any effort by plaintiff or her attorney to contradict the fact that she had been warned.

More than five months elapsed between the filing of the Heasler motion and affidavit for summary judgment and the final entry of such judgment. In the face of this record we can only assume plaintiff did not intend to deny that operating instructions were given to the school district; that the custodian was instructed; and that plaintiff herself was warned.

We have already indicated that plaintiff, in a case of this kind, cannot recover unless she alleges and proves the existence of a latent defect or a danger not known to plaintiff. As said in Lane v. City of Lewiston, 91 Me. 292, 39 A. 999, 1000, "No one needs notice of what he already knows." It was made clear in Jamieson

v. Woodward & Lothrop, supra, at 247 F.2d 26, that this principle is fully applicable to the law of products liability.

■ Otherwise stated, a seller's duty to warn does not require that he warn a user of equipment of dangers of which the user is aware or of obvious dangers. See Annotation 78 A.L.R.2d 696, 702, notes 9 and 10. Also see Watts v. Holmes, Wyo., 386 P.2d 718, 719.

Some courts have denied recovery where the injured person already knew of the danger involved, on the theory that the failure of the seller to give further warning was not the proximate cause of injury. See Pedroli v. Russell, 157 Cal.App.2d 281, 320 P.2d 873, 875–876; and E. I. DuPont DeNemours & Co. v. Ladner, 221 Miss. 378, 73 So.2d 249, 256.

Other courts have arrived at the same result by holding a plaintiff contributorily negligent in ignoring a warning, or by holding that plaintiff assumes the risk in acting contrary to a previous warning. See Richardson v. DeLuca, La.App., 53 So.2d 199, 202; and Oettinger v. Norton Company, D.C.Pa., 160 F.Supp. 399, 400, affirmed 3 Cir., 253 F.2d 712.

■ Even if Mrs. Parker had been permitted to amend her complaint in this case, there would have been no genuine issue as to any material fact. Nothing was presented to the court by way of affidavits or otherwise to show a hidden defect or concealed danger not known to plaintiff, and the motion for summary judgment was properly granted.

Affirmed.

PARKER, C. J., not participating.