Charles Edward PEMBERTON, Jr., Administrator of the Estate of Charles Edward Pemberton, III and Charles Edward Pemberton, Jr., Appellees,

v.

AMERICAN DISTILLED SPIRITS COMPANY, D & V Distributing Company, and Warehouse Liquors, Inc., Appellants.

Supreme Court of Tennessee, at Knoxville.

Feb. 13, 1984.

al court. A divided Court of Appeals reversed the trial court, holding (1) that the charges against the manufacturer were sufficient to support a cause of action on strict liability, negligence, and warranty and (2) that the complaint against the retailer and wholesaler was sufficient on the breach of warranty charge. The court affirmed the dismissal of the strict liability and negligence charges insofar as they related to the retailer and wholesaler. We granted the application for permission to appeal filed by the defendants to determine whether the complaint states a claim under the Tennessee Products Liability Act, T.C.A. § 29–28–101 et seq., upon which relief can be granted. *See* T.R.C.P. 12.02(6).

In considering a Rule 12.02(6) motion to dismiss, we are required to take the allegations of the complaint as true, and to construe the allegations liberally in favor of the plaintiff. *Holloway v. Putnam County,* 534 S.W.2d 292 (Tenn.1976); *Cornpropst v. Sloan,* 528 S.W.2d 188 (Tenn.1975). And, as pointed out in *Fuerst v. Methodist Hospital South,* 566 S.W.2d 847 (Tenn.1978),

> "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99 [101–102], 2 L.Ed.2d 80 (1957).

Bearing these basic rules in mind, the pertinent provisions of the complaint filed in this cause are:

> That on or about February 21, 1981, the decedent purchased a bottle of Everclear Grain Alcohol, manufactured by the defendant American Distilled Spirits Company. Approximately one-half of the alcohol contained in the 25.4 ounce bottle of Everclear Grain Alcohol was consumed by the decedent on February 21, 1981. The alcohol was purchased from the defendant, Warehouse Liquors, Inc., for the decedent by persons unknown to the plaintiff. Warehouse Liquors, Inc., purchased the said Grain Alcohol from the defendant, American Distilled Spirits Company.
>
> \*     \*     \*     \*     \*     \*

Thomas S. Scott, Jr., Dan D. Rhea, Arnett, Draper & Hagood, Knoxville, for appellants.

Lockridge & Becker, P.C., James A. McIntosh, Knoxville, for appellees.

## OPINION

COOPER, Justice.

Charles Edward Pemberton, Jr., individually and as administrator of the estate of his minor son, Charles Edward Pemberton, III, filed an action against the retailer, the wholesaler, and the manufacturer of Everclear Grain Alcohol, seeking damages for the death of his son from the ingestion of the alcohol. The defendants filed motions to dismiss testing the sufficiency of the complaint, which were sustained by the tri-

At all times mentioned herein, the defendants, and each of them, were engaged in the business of selling alcoholic beverage products for human consumption. The decedent purchased the said Everclear Grain Alcohol for the purpose of consuming it.

On February 21, 1981, the decedent opened the said bottle and consumed a quantity of the beverage and, as a proximate result thereof, became violently and severely ill, and died on February 22, 1981, as a result of alcohol overdose. The said beverage was unwholesome, poisonous, and unfit for human consumption in that it contained a content of pure grain alcohol far in excess of that which can be safely consumed by a human being.

Plaintiff alleges that the Everclear Grain Alcohol consumed by the decedent presented an unreasonable risk of harm to the decedent, and that the defendants, and each of them, knew or should have known that consumption of Everclear Grain Alcohol can and does cause blood alcohol levels greater than .35 percent to occur, and that it can be lethal in itself. Plaintiff alleges that the defendants, and each of them, failed to properly warn the decedent of the risk of harm which could occur from consuming the said Everclear Grain Alcohol.

On the allegations, the action is governed by the Tennessee Products Liability Act, T.C.A. § 29–28–101, et seq. The Act states in section 105 that:

(a) A manufacturer or seller of a product shall not be liable for any injury to person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

"Defective condition" is defined in T.C.A. § 29–28–102(2) as "a condition of a product that renders it unsafe for normal or anticipatable handling and consumption." For a product to be "unreasonably dangerous" it must be "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller assuming that he knew of its dangerous condition." T.C.A. § 29–28–102(8). The Products Liability Act expressly provides that "[a] product is not unreasonably dangerous because of failure to adequately warn of a danger or hazard that is apparent to the ordinary user." T.C.A. § 29–28–105(d).

The plaintiff makes no claim that the grain alcohol was improperly manufactured, or that it contained dangerous impurities, or that any of the defendants violated any statutes regulating the manufacture or sale of alcoholic beverages, but proceeds on the theory that the grain alcohol was in a "defective condition" and was "unreasonably dangerous" because of its high alcoholic content, and because of the failure of the defendants to warn consumers of dangers inherent in its consumption.

As pointed out by Judge Franks in his dissenting opinion in the Court of Appeals, "[a]lthough deceased was a minor, whether the product was defective or unreasonably dangerous within the meaning of the Act is determinable from the standards established in the Act, i.e., the knowledge of the ordinary consumers of the product. The comments to § 402(a) of *Restatement (Second) of Torts* support this interpretation of 'unreasonably dangerous.' Comment j recognizes that the law does not impose a duty to warn of widely known risks, i.e., '[a] seller is not required to warn with respect to products or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, when the danger or potentiality of danger is generally known and recognized. Again the danger of alcoholic beverages are an example . . . ,'

"Where the facts are undisputed, whether a duty to warn exists is determined as a matter of law and, when the

danger is open and obvious, no duty to warn is imposed. *See e.g., Jamieson v. Woodward & Lothrop,* 247 F.2d 23 (D.C.Cir.1957); *Bojorquez v. House of Toys, Inc.,* 62 Cal. App.3d 930, 133 Cal.Rptr. 483 (1976), and under the *Restatement* version of strict liability, where the danger is evident to most users of a product, there is no duty to warn an occasional, inexperienced user. *Baker v. Stewart Sand and Material Co.,* 353 S.W.2d 108 (Mo.1961); *Katz v. Arundel-Brooks Concrete Corp.,* 220 Md. 200, 151 A.2d 731, 78 A.L.R.2d 692 (1959); *Simmons v. Rhodes & Jamieson, Ltd.,* 46 Cal.2d 190, 293 P.2d 26 (1956); *Dalton v. Pioneer Sand and Gravel Co.,* 37 Wash.2d 946, 227 P.2d 173 (1951).

. . . .

■ "Assuming the content of the bottle approached pure alcohol, as can be inferred from the complaint, the allegations of fact do not establish a duty to warn by the seller or manufacturer. Courts, legislatures, parents, ministers, and temperance organizations and others have long recognized and decried the dangers inherent in alcohol. In a case determining on its facts that in light of common knowledge concerning alcohol and its effects there was no duty to warn of alcohol's harmful qualities in label advertising, the 7th Circuit Court in *Garrison v. Heublein, Inc.,* 673 F.2d 189 (7th Cir.1982), stated:

> The dangers of the use of alcohol are common knowledge to such an extent that the product cannot objectively be considered to be unreasonably dangerous.

The Minnesota Supreme Court, in *Sworski v. Coleman,* 208 Minn. 43, 293 N.W. 297, 299 (1940), stated in relation to alcohol:

> The pathological effect of using intoxicants is well known. It is common knowledge that large doses may cause death almost simultaneously by a reflex action on the heart or by cardiac and respiratory depression after the drug has been absorbed.

Alcohol is universally classified as toxic. *Webster's Third International Dictionary* defines 'toxic'—'a toxic substance: something poisonous.'

■ "Facts which are universally known may be judicially noticed provided they are of such universal notoriety and so generally understood that they may be regarded as forming a part of the common knowledge of every person. *Standard Life Insurance Co. v. Strong,* 19 Tenn.App. 404, 89 S.W.2d 367 (1935) at 424 quoting *Jones on Evidence;* also see *McCormick, Law of Evidence,* West Pub. Co., at 688.

"Over seventy years ago our Supreme Court judicially noted that high proof alcohol should be diluted with water before it is consumed. [*Motlow v. State,* 125 Tenn. 547, 563, 145 S.W. 177 (1911)].

■ "A significant factor to consider in determining whether a danger is unreasonable is the nature of the product. In *Baker, supra,* the court took into account that concrete is not a new product of which consumers are not yet knowledgeable in arriving at their conclusion there was no duty to warn of the caustic nature of lime, in ready-mix concrete. Alcohol has been present and used in society during all recorded history and its characteristics and qualities have been fully explored and developed and are a part of the body of common knowledge.

■ "The law requires manufacturers to warn of hidden and unknown dangers in their product; however, as to some risks, manufacturers are entitled to rely upon the common sense and good judgment of consumers. Clearly, death or serious injuries resulting from either excessive or prolonged consumption of alcohol are within the latter type of risk."

■ The complaint in this case charges that the alcohol was "poisonous" and decedent died "as a result of alcohol overdose." In our opinion these allegations come within the Products Liability Act provision negating the duty to adequately warn of a danger or hazard that is apparent to the ordinary user, T.C.A. § 29–28–105(d), and are insufficient, if proven, to impose liability on either the manufacturer or seller of the alcohol. It follows that the complaint does not state a claim upon which relief can be

# 694

granted, and must be dismissed on the filing of a Rule 12.02(6) motion.

The judgment of the Court of Appeals is reversed. The judgment of the trial court dismissing the complaint is affirmed. Costs of the cause are adjudged against the plaintiff and his surety.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.