IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**FILED**

**April 28, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**DARRELL PHILLIPS,**

      Plaintiff-Appellant,

Vs.

    Lauderdale Circuit No. 5096
    C.A. No. 02A01-9811-CV-00318

**DR. FAISAL SHAMSHAD, ET AL,**

      Defendants-Appellees.

_____

FROM THE LAUDERDALE COUNTY CIRCUIT COURT
THE HONORABLE JOSEPH H. WALKER, JUDGE

Darrell Phillips, Pro Se

Paul G. Summers, Attorney General and Reporter
Michael E. Moore, Solicitor General
Elena J. Xoinis, Assistant Attorney General
For Appellees

*REVERSED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

      Plaintiff/Appellant, Darrell Phillips, appeals the order of the trial court dismissing his

complaint for failure to state a claim against Defendants/Appellees, Dr. Faisal Shamshad, et al.

      In reviewing an appeal from an order dismissing a suit for failure to state a claim upon

which relief can be granted, we obviously are limited to the allegations in the complaint, and we

must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *Randolph v. Dominion Bank of Middle Tennessee*, 826 S.W.2d 477, 478 (Tenn. App. 1991) (citing *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1974)). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when no set of facts will entitle the plaintiff to relief. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984). Moreover, a complaint should not be dismissed no matter how poorly drafted if it states a cause of action. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. App. 1992). In *Humphries v. West End Terrace, Inc.*, 795 S.W.2d 128 (Tenn. App. 1990), this Court said:

> A motion to dismiss pursuant to Rule 12.02(6), Tenn. R. Civ. P., for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and, thus, is a test of the sufficiency of the leading pleading. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190, 93 A.L.R.3d 979 (Tenn. 1975). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Cornpropst*, 528 S.W.2d at 190. A complaint should not be dismissed upon such motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court should construe the complaint liberally in favor of the plaintiff taking all of the allegations of fact therein as true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).

*Humphries*, 795 S.W.2d at 130. On appeal, issues raised by a Rule 12.02(6) motion to dismiss are questions of law that are reviewed *de novo* with no presumption of correctness. *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn. 1996).

With the above rules in mind, we examine Plaintiff's complaint filed April 20, 1998, against Dr. Faisal Shamshad, Ralph Grangler[1], Mari Richards, Bill Harber, Jim Blankenship, Jeffrey Johnson, John Kelley, Vicky Kirby, Steve Vaughn, Anthony Freeman, Ty Leffner, Robert Conley, and Jim Rose. The pertinent allegations of the complaint are as follows: Phillips is incarcerated at the West Tennessee High Security Facility (Correctional Facility) in Henning, Tennessee. On February 6, 1998, Phillips fell and injured his knee. He was subsequently escorted to the prison clinic and treated by Ralph Gromley, a nurse employed by the Correctional Facility, who issued a pair of crutches and ace bandages to Phillips. Phillips avers that Gromley, without performing a physical examination, stated that he had a knee strain.

---

[1] The correct name of this defendant is Ralph Gromley, and we will use that name in the Opinion.

On February 9, 1998, Phillips awoke that morning having pain in his knee and requested medical attention which was denied since he failed to sign the sick call roster the night before. Four days later, Phillips filed a grievance which he avers was subjectively and selectively denied by Anthony Freeman, chairman of the grievance board and a corrections officer, without any opportunity to rebut or correct a mistake in complying with prison policy. On February 18, 1998, Phillips was again treated by Gromley who issued a work waiver and an extra pillow to Phillips. A couple of days later, on February 20, 1998, Phillips filed a grievance in regard to his medical care which was rejected by prison officials. A few days later, a shakedown of the prison cells was performed in which correctional officers confiscated a cane and extra pillow from Phillips' cell since there was no documentation approving his possession of such items. Phillips avers that he fell again later that day due to his knee collapsing.

On March 2, 1998, Phillips filed another grievance regarding his medical treatment which was once again denied. On the same day, Phillips avers that he attempted to file an emergency grievance, but the proper policy regarding the filing of such grievances was not followed by prison personnel even after he brought the policy to their attention. He avers that after protesting the mishandling of his grievance, he was verbally abused by prison personnel. Phillips then attempted to file another emergency grievance which was summarily rejected by prison personnel. On March 5, 1998, Phillips filed another grievance because of the foregoing actions by prison officials. This grievance was denied once again.

On March 10, 1998, Phillips signed up for sick call and was seen by Gromley and Mari Richards, a nurse employed at the Correctional Facility. On March 11, 1998, Phillips wrote Robert Conley, the warden at the Correctional Facility, and Jim Blankenship, the medical administrator at the Correctional Facility, regarding his medical care and the handling of his grievances. Six days later, Phillips was again seen by Richards who issued him a work waiver. On March 18, 1998, Phillips was seen once again by Gromley who referred him to Dr. Faisal Shamshad, a physician at the Correctional Facility, who prescribed Feldine, a pain reliever. Phillips avers that Dr. Shamshad was to inquire as to when he would be transferred to a facility for surgery on his knee. The following day, Phillips requested a "job drop" which was subsequently denied because Dr. Shamshad stated that he had the same problem with his knee and that Phillips can work like he does. On March 20, 1998, Phillips attempted to pick up a prescription of Feldine but was unable to obtain such because Dr. Shamshad had failed to sign

off on the prescription and was unavailable at the time. Upon returning to work that day, Phillips was reprimanded and verbally abused by Ty Leffner, a job coordinator at the Correctional Facility, for not being at work and complaining about his knee. On March 31, 1998, Phillips was issued another work waiver by the medical clinic. Phillips avers that upon presenting the work waiver to Leffner, he responded that he would talk with the clinic to make sure that was the last waiver Phillips received.

On April 2, 1998, Phillips returned to the medical clinic and spoke to Richards who requested that he return the next day since she could not examine him at that time. Phillips returned to the clinic the next day where he was seen by Bill Harber, a physician assistant at the Correctional Facility. Harber prescribed Tylenol to Phillips but refused to issue him a work waiver. On April 8, 1998, Phillips returned to the clinic to request another prescription of Feldine but was told by Gromley that he was not going to be able to receive any more Feldine. Rather, Gromley prescribed Tylenol to Phillips. The following day during sick call, Gromley offered to place Phillips in the infirmary. Phillips refused this offer because the infirmary does not have cable television as he has in his cell. On April 10, 1998, Phillips fell once again injuring his left elbow. Richards saw Phillips for the injury and prescribed a sling and pain medication. Phillips's complaint alleges a 42 U.S.C. § 1983 suit for violation of the First, Fifth, Eighth, Thirteenth and Fourteenth Amendments of the United States Constitution, and violations under the Tennessee Constitution. Phillips alleges that the Defendants exhibited a deliberate indifference to his serious medical condition and needs, and that the Defendants' intentional, malicious acts and practices caused him to suffer pain, emotional distress, and mental anguish.

On August 21, 1998, the Defendants filed a motion pursuant to Tenn.R.Civ.P. 12.02(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. On September 25, 1998, Phillips filed a motion for extension of time to reply to the motion to dismiss. On October 9, 1998, the trial court granted the Defendants' motion to dismiss. Adopting the Defendants' memorandum in support of their motion to dismiss, the trial court found that Phillips failed to establish that the Defendants were deliberately indifferent to his medical needs by failing to allege acts or omissions sufficiently harmful to evidence such deliberate indifference to serious needs as required for a cause of action under the Eighth Amendment. Furthermore, the trial court found that the Defendants were sued in their official capacity, and that under 42 U.S.C. § 1983, neither a state nor its officials sued in their official

4

capacity are "persons." Also, the trial court stated that state officers and employees are immune from liability for certain acts or omissions under T.C.A. § 9-8-307(h).

Phillips appeals and sets forth in his brief two issues for review as follows:

> 1. Whether the trial court erred in dismissing plaintiff's *pro se* complaint for failure to state a claim under the standard of the rule of liberal reading required for *pro se* litigants.

> 2. Whether the trial court erred in holding that the appellees were entitled to immunity as a result of being sued in their official capacity.

Phillips contends that the trial court erroneously dismissed his complaint pursuant to Rule 12.02(6) in that his complaint properly alleged acts and omissions sufficiently harmful to evidence deliberate indifference on the part of the Defendants with regard to his serious medical needs. He states that the allegations in his complaint were sufficient to meet the objective and subjective components of a claim under the Eighth Amendment. Furthermore, Phillips states that if he had been allowed an extension of time in which to respond to the motion to dismiss, he would have had the opportunity to provide further supporting evidence in regard to his claims.

On the other hand, the Defendants aver that the trial court correctly determined that Phillips failed to establish that they were deliberately indifferent to his medical needs in violation of the Eighth Amendment. They state that Phillips' allegations do not support his conclusions that he was denied adequate medical care. Phillips' difference of opinion with medical personnel regarding the type of treatment received is not sufficient to constitute a violation of the Eighth Amendment. They further submit that Phillips failed to establish any deliberate indifference to his medical needs sufficient to meet the objective component requirement especially in light of the fact that he was prescribed pain medication, crutches, extra pillows and work waivers. Moreover, the Defendants assert that Phillips failed to establish that they acted with a culpable state of mind. They submit that Phillips failed to allege that the Defendants were motivated by an intent to harm or punish him, thus, his claims fall short of the conduct necessary to state a claim under the Eighth Amendment. They conclude by asserting that Phillips simply failed to establish that the alleged deprivations were sufficiently serious or that they acted with deliberate indifference.

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), the United States Supreme Court articulated the standard for determining whether a prisoner's constitutional right under the Eighth Amendment to medical care has been violated. The Supreme Court

5

stated:

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 104-05, 97 S. Ct. at 291 (citation omitted); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (deliberate indifference to a prisoner's serious medical needs amounts to cruel and unusual punishment and violates the Eighth Amendment).

As noted by the Sixth Circuit in *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992), the *Estelle* standard consists of both an objective component - the prisoner's medical needs must be sufficiently serious - and a subjective component - the defendants must act in a deliberately indifferent manner to the prisoner's serious medical needs. When a prisoner suffers pain needlessly and relief is readily available, they have a cause of action against those whose deliberate indifference is the cause of the suffering. *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991).

In *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994), the Supreme Court stated:

> It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," a prison official's act or omission must result in the denial of the "the minimal civilized measure of life's necessities. . . ."
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishment Clause, a prison official must have a "sufficiently culpable state of mind."

*Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977 (citations omitted).

From our examination of the complaint, we find that the allegations of pain and discomfort are sufficient to set out a serious condition warranting medical attention. The complaint also alleges facts demonstrating an indifference to Plaintiff's needs and in some instances facts that indicate an actual thwarting of Plaintiff's efforts to obtain medical help. In light of the stringent standard for reviewing motions to dismiss and construing the complaint

most liberally in Phillips' favor, we hold that the complaint states a cause of action of violation of Phillips' Eighth Amendment rights. Defendants failed to respond to Plaintiff's second issue, and although we note that the trial court did not err in its finding, this is not a determinative issue. Plaintiff's complaint sues the Defendants in their personal and individual capacities; thus, they are not entitled to immunity from suit for violation of Plaintiff's constitutional rights under the Eighth Amendment.

Accordingly, the order of the trial court is reversed, and the case is remanded to the trial court for such further proceedings as necessary. Costs of the appeal are assessed against the appellees.

                                          _____

                                          **W. FRANK CRAWFORD,**
                                          **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**