# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## WALTER A. FARRIS, ET AL. v. WILLIAM S. TODD, ET AL.

### Direct Appeal from the Circuit Court for Sullivan County
### No. C 32494 (L)  William H. Inman, Senior Judge, Sitting by Designation

---

### No. E1999-1574-COA-R3-CV - Decided May 3, 2000

---

This appeal involves the question of whether the Appellants, Walter and Gordon Farris, complied with the statute of limitations when filing their complaint for legal malpractice and conversion.  The Appellees, William S. Todd and Thomas S. Dossett, filed a motion to dismiss the complaint because it was barred by the applicable statute of limitations.  Appellants moved to amend their complaint to include declaratory judgment relief for determination of the ownership rights of the parties in a particular art work.  The Circuit Court for Sullivan County granted the motion to dismiss the complaint and denied the motion to amend.  We affirm in part and vacate in part the Circuit Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Vacated in Part and Remanded**

GODDARD, P.J., delivered the opinion of the court, in which SUSANO and SWINEY, JJ, joined.

Larry C. Vaughan, Knoxville, Tennessee and Emmitt F. Yeary, Abingdon, Virginia, for the appellants, Walter A. Farris and Gordon Farris

Thomas L. Kilday and Thomas J. Garland, Jr., Greeneville, Tennessee, for the appellees, William S. Todd and Thomas D. Dossett

### OPINION

JUDGE GODDARD delivered the opinion of the court.

This is an appeal from the Circuit Court's dismissal of the Plaintiffs' complaint because it was barred by the applicable statute of limitations.  Walter and Gordon Farris, Plaintiffs-Appellants, raise the following issues, which we restate:
   I.      Whether the Trial Court erred in granting the motion to dismiss?
   II.     Whether the Trial Court erred in denying Plaintiffs' motion to amend?

Over a period of 25 years, William S. Todd and Thomas D. Dossett represented Walter Farris

in various legal matters. Walter Farris signed an "Acknowledgment of Fee" document in 1970 and 1977. In the 1970 "Acknowledgment of Fee" document, Walter Farris agreed that Todd and Dossett's legal fees would be 25% of the value of the items recovered by their legal representation. In the 1977 "Acknowledgment of Fee" document, Walter Farris reaffirmed the legal fees owed to Todd and Dossett for various representation. In 1983 and 1987, Walter Farris assigned and sold a total of 50% interest in the "Duke of Mantua" painting to Todd and Dossett. On June 27, 1997, Walter Farris, Gordon Farris, William S. Todd and Thomas D. Dossett entered into an agreement. The agreement distributed certain works of art among the parties, except for the "Duke of Mantua" painting, and purported to be a "complete and final settlement of all matters between the parties." The agreement stated that each party owned 25% of the "Duke of Mantua" painting, but Mr. Todd would have the exclusive right and authority to sell the "Duke of Mantua" painting pursuant to irrevocable powers of attorney executed by the other parties simultaneously with the agreement.

On June 2, 1998, Walter and Gordon Farris filed a complaint against William Todd and Thomas Dossett alleging legal malpractice, breach of contract, fraud, outrageous conduct, and willful and intentional conversion of properties owned by the Plaintiffs. On July 8, 1998, Todd and Dossett filed a motion to dismiss for failure to comply with the applicable one-year statute of limitations and failure to state a claim upon which relief may be granted. During oral argument on the motion to dismiss, Plaintiffs' counsel moved to amend the complaint to seek declaratory judgment relief as to the ownership of the art works referred to in the complaint. The Circuit Court denied the Plaintiffs' motion to amend the complaint and granted Defendants' motion to dismiss for failure to comply with the one-year statute of limitations.

Our standard of review on a motion to dismiss is *de novo* without a presumption of correctness because our inquiry is purely a question of law. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). In considering a Rule 12.02(6) motion to dismiss, we are required to take the allegations of the complaint as true, and to construe the allegations liberally in favor of the plaintiff. Pemberton v. American Distilled Spirits Co., 664 S.W.2d 690, 691 (Tenn. 1984). A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Pemberton, 664 S.W.2d at 691.

The applicable statute of limitations for legal malpractice is one year, whether the action is based in contracts or torts. See Tenn. Code Ann. § 28-3-104(a)(2) (1999). The claims of outrageous conduct and fraud are included within the one year statute of limitations. Walter and Gordon Farris argue that their complaint was filed within one year from the date of the June 27, 1997 agreement between the parties. According to the Appellants, the 1997 agreement was the culmination of all the alleged acts of legal malpractice by the Appellees. However, the complaint refers to acts of legal malpractice which occurred prior to the 1997 agreement. During oral argument, Appellants' counsel conceded that the Appellants could allege no acts of legal malpractice within one year prior to the filing of the complaint. Essentially, the Appellants allege a continuing tort violation for a period of over 25 years.

In legal malpractice actions, the statute of limitations period is governed by the discovery rule. There are two elements of the legal malpractice discovery rule: (1) the plaintiff must suffer an actual injury resulting from the defendant's negligence and (2) the plaintiff must have known or should have known that the injury was caused by the defendant's negligence. See Carvell v. Bottoms, 900 S.W.2d 23, 28 (Tenn. 1995). As previously noted, the professional relationship between Walter Farris, William Todd and Thomas Dossett began more than 30 years ago. Walter Farris signed many documents and relinquished physical possession of many works of art, including the "Duke of Mantua" painting, many years prior to filing a complaint. There was actual injury suffered, but if the injury was the result of the Appellees' negligence, Walter Farris knew or should have known more than one year prior to filing the complaint. The claim for legal malpractice is barred by the one year statute of limitations.

Walter and Gordon Farris argue for the first time on appeal that their complaint alleged conversion of personal property for which a three year statute of limitations applies. See Tenn. Code Ann. § 28-3-105(2) (1999). The lower court did not address whether the complaint stated a claim for conversion or whether the conversion claim was barred by the statute of limitations. It is well-settled that issues not raised at trial may not be raised for the first time on appeal. Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991); Chadwell v. Knox County, Tennessee, 980 S.W.2d 378, 384 (Tenn. Ct. App.1998).

The second issue raised by the Appellants is whether the trial court erred in denying their motion to amend the complaint. The Appellants moved to amend the complaint to include a declaratory judgment relief for determination of the ownership rights of the parties in certain art works, particularly the "Duke of Mantua" painting. As a matter of course, parties are allowed to amend their pleadings once at any time prior to a responsive pleading being served. See Tenn. R. Civ. P. 15.01. The lower court stated that most of the complaint would be irrelevant and immaterial with respect to a declaratory judgment action to determine the respective ownership rights of the parties. The Court stated it would be best for the Appellants to file a new complaint seeking declaratory judgment relief. We find that the Circuit Court abused its discretion in disallowing the Appellants' amendment. By allowing the amendment, the Circuit Court can determine the ownership rights of the parties without the filing of a new complaint.

For the foregoing reasons the judgment of the Circuit Court is affirmed in part, vacated in part and the cause remanded for further proceedings in accordance with this opinion. Costs of this appeal are adjudged half against Walter and Gordon Farris and their surety and half against William Todd and Thomas Dossett.