IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## ANTONIO L. SWEATT v. FRED RANEY, ET AL.

**A Direct Appeal from the Circuit Court for Lake County**
**No. 98-7870     The Honorable R. Lee Moore, Jr., Judge**

---

**No. W1999-02458-COA-R3-CV - Decided June 14, 2000**

---

An inmate in correctional facility filed a civil rights case for alleged violation of his constitutional rights, primarily for transferring the inmate from one facility to equally-rated facility. The trial court dismissed the case for failure to state a claim upon which relief can be granted. The inmate has appealed.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

Antonio L. Sweat, Pro se

Paul G. Summers, Attorney General and Reporter; Arthur Crownover II, Assistant Attorney General and Reporter

## OPINION

Plaintiff-appellant, Antonio L. Sweatt, appeals from the order of the trial court dismissing his complaint for failure to state a claim against defendants-appellees, Fred Raney, et al.

In reviewing an appeal from an order dismissing a suit for failure to state a claim upon which relief can be granted, we obviously are limited to the allegations in the complaint, and we must construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *Randolph v. Dominion Bank of Middle Tennessee*, 826 S.W.2d 477, 478 (Tenn. Ct. App. 1991) (citing *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1974)). Dismissal under Tenn.R.Civ.P. 12.02(6) is warranted only when no set of facts will entitle the plaintiff to relief. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984). Moreover, a complaint should not be dismissed no matter how poorly drafted if it states a cause of action. *Dobbs v. Guenther,* 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). In *Humphries v. West End Terrace, Inc.*, 795 S.W.2d 128 (Tenn. Ct. App. 1990), this Court said:

A motion to dismiss pursuant to Rule 12.02(6), Tenn.R.Civ.P., for

> failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and, thus, is a test of the sufficiency of the leading pleading. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190, 93 A.L.R.3d 979 (Tenn. 1975). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Cornpropst*, 528 S.W.2d at 190. A complaint should not be dismissed upon such motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court should construe the complaint liberally in favor of the plaintiff taking all of the allegations of fact therein as true. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).

*Id.* at 130. On appeal, issues raised by a Rule 12.02(6) motion to dismiss are questions of law that are reviewed *de novo* with no presumption of correctness. *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn. 1996).

With the above in mind, we examine plaintiff's complaint filed January 7, 1999, against Fred Raney, James Dukes, Cherry Lindamood, Ray Goodgine, Gerald Daniels, Gray Copland, Sonya Little, Rachelle Chisholm, Donal Campbell, Jim Rose, and Howard Cook. The pertinent allegations of the complaint are as follows: Plaintiff was incarcerated at the Northwest Correctional Complex (hereinafter Northwest) from March 1, 1995, until May 18, 1999, when he was transferred to the Turney Center Industrial Prison & Farm (hereinafter TCIP). Defendant, Donal Campbell is Commissioner of the Tennessee Department of Correction and the other defendants are employees of the department.

The complaint alleges that on February 12, 1998, plaintiff filed a civil rights suit against Donal Campbell and Fred Raney, and that plaintiff's transfer violated plaintiff's constitutional rights by denying him access to the courts in retaliation for plaintiff's seeking access to the court's remedies.

Sweat avers that while at Northwest, the inmates elected plaintiff their counsel representative for housing unit four, which required him to voice grievances to the defendants. On April 6, 1998, plaintiff prepared and circulated a petition regarding Northwest's policy on legal mail. On April 7, 1998, plaintiff prepared a petition regarding the level of lighting in the guild housing unit. Plaintiff presented these petitions to defendants Campbell and Raney. On April 22, 1998, plaintiff submitted a petition to Raney complaining that the new laundry procedures at Northwest were inadequate.

The complaint avers that on April 21, 1998, plaintiff filed a second civil rights complaint in

the Lake County Circuit Court styled, "Antonio Sweatt v. Robert Conley, et al." Plaintiff alleged violations of his First, Eighth, and Fourteenth Amendments of the United States constitution by the defendants' deliberate indifference to his serious medical condition.

The complaint alleges 42 U.S.C. § 1983, 1985, and 1986 actions for deprivation of constitutional rights under the First, Eighth and fourteenth Amendments of the United States Constitution. Plaintiff alleges that the defendants conspired to retaliate against him and transferred him on May 28, 1998, from Northwest to TCIP in retaliation for his filing lawsuits and grievances. Plaintiff also asserts that defendants showed deliberate indifference to his serious chronic sinusitis and breathing conditions by subjecting plaintiff to second-hand cigarette smoke and that the defendants engaged in a conspiracy to intimidate, oppress and harass him with the intent to deny plaintiff the right to petition the government for grievances.[1]

On January 26, 1999, plaintiff filed motions styled "Motion for Extension of Time for Completion of Requested Discovery from Defendants, "Motion for Order Directing Defendants to File Martinez Report," and a "Motion for Continuance." These motions were denied as being premature by order entered April 16, 1999.

On April 12, 1999, the defendants filed a motion pursuant to Tenn. R. Civ.P. 12.02(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

On June 23, 1999, the trial court entered a detailed and well-reasoned order granting the motion to dismiss, which we quote:

> On January 7, 1999, Plaintiff filed "Civil Rights Complaint." Plaintiff alleges that Defendants conspired to retaliate against him by transferring him from the Northwest Correctional Center to the Turney Center on May 28, 1998. Plaintiff alleges that the Defendants either made the transfer or failed to stop the transfer and that the transfer was made under the pretense of population control management. Plaintiff further alleges that the action taken violated his constitutional rights to access to courts and amounted to retaliation and civil rights intimidation. The Complaint further alleges that Defendants have violated T.C.A. § 39-16-402 and T.C.A. § 39-16-403. T.C.A. § 39-16-402 deals with official misconduct. T.C.A. § 39-16-403 deals with official oppression. Neither of these statutes are applicable to the factual situation alleged in the original Complaint. The Complaint sues each Defendant in his or her individual capacity. There are, however, no allegations against any

---

[1] In the trial court's order granting the plaintiff's motion to dismiss, the court held that plaintiff's allegations that defendants violated T.C.A. § 39-16-401 and § 39-16-403 were not applicable to the factual situation in the original complaint. We agree with the trial court's ruling.

Defendant except in his or her capacity as employees of the Tennessee Department of Corrections. On April 12, 1999, Defendants filed "Motion to Dismiss" and "Memorandum of Law In Support Of Motion To Dismiss." Defendants take the position that the Complaint should be dismissed for failure of the Plaintiff to comply with T.C.A. § 41-21-801 et seq. T.C.A. § 41-21-805 requires the indigent inmate who files a claim in state court to list any and all lawsuits filed by the inmate along with the operative facts of each case and given information. Although the Plaintiff may not have completely complied with T.C.A. § 41-21-805, it appears that he has substantially complied with this statute for the purpose of this lawsuit.

The Defendants also take the position that his allegations regarding the transfer do not state a claim against the Defendants upon which relief can be granted. The Defendants also state that there is no evidence of any retaliation against the Plaintiff and that this action is based only on conclusory allegations not acceptable under 42 U.S.C. 1983. The Defendants also state that they are entitled to qualified immunity in this case and that the case should further be dismissed because of the defense of qualified immunity.

The issue raised by Defendant regarding T.C.A. § 41-21-801 et seq. has been addressed.

The Defendant moves to dismiss because the Complaint fails to state a claim against the Defendants upon which relief can be granted. Defendants cite the case of ***Ward v. Dyke***, 58 Fed. 3d 271 (6th Cir. 1995). The ***Ward*** case appears to be directly on point. It deals specifically with the issues raised in this particular case. ***Ward*** holds that prisoners do not have the constitutional right to be incarcerated in any particular institution. It states further that the Supreme Court has held repeatedly that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. ***Ward*** also cites the case of ***Meachum v. Fano***, 42 U.S. at 228, 96 Sup. Ct. at 2540, stating "whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." The inmate in the ***Ward*** case was transferred for the very reasons the Plaintiff alleges that he was transferred in the present case. Since the Plaintiff has no protected constitutional right not to be transferred,

there is no constitutional violation on the part of the Defendants.

It is clear also after analyzing the ***Ward*** case, that Plaintiff's fundamental right of access to courts and his right to petition for redress of grievances have not been violated. Although Plaintiff has been transferred, he still has access to the court system and to the grievance system.

Defendants next state that this action is based only on conclusory allegations and that this case should be dismissed again for failure to state a claim against the Defendants upon which relief can be granted. Allegations in the Complaint are conclusory in nature. The claim under 42 U.S.C. 1983 cannot be sustained on conclusory allegations alone. ***Smith v. Rose***, 760 Fed.2d 102 (6th Circuit 1985). There are no specific allegations showing that retaliation was a substantial or motivating factor in the Defendants' action against the Plaintiff.

The Defendants next indicate that they are entitled to qualified immunity as a defense to this case. "Governmental officials performing discretionary functions generally are shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800; 102 Sup. Ct. 2727; 73 L. Ed. 2d 396 (1982). The ***Ward*** case holds that the prison officials in this case were entitled to qualified immunity when accused of transferring an inmate in retaliation for his grievance filing stating that the Defendants were entitled to qualified immunity because there was no constitutional right not to be transferred form one level II institution to another when prison officials in the exercise of their discretion, determine whether a prisoner is an adjustment problem.

For the reasons stated above, the Motion To Dismiss of all Defendants is hereby granted.

Furthermore, Plaintiff had requested additional time for discovery in this case. T.C.A. § 41-21-804 (d) requires the trial court to suspend all discovery upon the filing of a motion to dismiss asserting that a claim is frivolous or malicious. Because Defendant's Motion To Dismiss was based, in part, upon the assertion that Sweatt's claim had no basis in law and in fact (i.e. that Sweatt failed to state a claim upon which relief can be granted), the Motion to

Dismiss amounted to one that asserted Sweatt's claim to be frivolous or malicious. Accordingly, the trial court is required to suspend all discovery at that point. From viewing the material in the court file in its entirety, this Court finds that this claim is frivolous. The claim had no chance of success. There are no specific facts set forth that would state a claim against any Defendant upon which relief can be granted. The claim, therefore, has no basis in fact for the Court to determine that there would be any basis for the claim under prevailing law. This case also involves either the same or very similar operative facts of several prior lawsuits filed in this Court by the Plaintiff. It is substantially similar to previous claims. Pursuant to T.C.A. § 41-21-807, the Plaintiff shall pay all filing fees, court costs and other related expenses in accordance with this code section. The Clerk shall mail to Plaintiff, Antonio Sweatt, a certified copy of this Order along with the Clerk's Bill of Costs. Pursuant to T.C.A. § 41-21-812, the Circuit Clerk for Lake County may not accept for filing any other claims filed by Antonio Sweatt until all fees, taxes, court costs and other expenses of this case are paid in full.

Plaintiff has appealed, and the only issue for review is whether the trial court erred in dismissing plaintiff's complaint.

Prisoners do not have a constitutional right to be incarcerated in any particular institution. ***Meachum v. Fano***, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Prison administrators have wide discretion in adopting and executing policies which in their expert judgment are necessary to preserve internal order and discipline and to maintain security. ***O'Lone v. Estate of Shabazz***, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); ***Hewitt v. Helms,*** 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

In ***Ward v. Dyke***, 58 Fed.3d 271 (6th Cir. 1995), the Sixth Circuit Court of Appeals reversed the district court's denial of qualified immunity for the defendant prison officials. The inmate had sued the officials alleging that they violated his rights when they transferred him from one prison to another because he exercised his right to seek redress of grievances. The Court stated:

> Government officials performing discretionary functions "generally are shielded from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). When a claim for qualified immunity is raised within the context of a motion for summary judgment, we first examine whether the plaintiff has stated a § 1983 claim against the defendants before addressing whether qualified immunity should attach. ***McLaurin v.***

*Morton*, 48 F.3d 944, 947 (6th Cir. 1995). If the plaintiff has asserted a violation of a clearly established constitutional right, we then examine whether the defendant's conduct violated that right. *Id.*

*Id.* at 273.

In *Thaddeus-X v. Blatter*, 175 F.3d 378 (1999), the Court stated:

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *See, e.g., Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 406 (6th Cir. 1998); *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997); *Yellow Freight Sys., Inc. v. Reich,* 27 F.3d 1133, 1138 (6th cir. 1994). This formulation describes retaliation claims in general, but it will yield variations in different contexts.

*Id.* at 394.

In *Mandella v. Campbell*, No. 97-5712, 1999 WL 357825 (6th Cir. Tenn. 1999), Mandella filed a civil rights action against nine employees of the Tennessee Department of Correction alleging that there was retaliation by various personnel because he filed grievances, complaints, and lawsuits on his own behalf and on behalf of other inmates. He also alleged that he was transferred from Turney Center Industrial Prison to the SCC as retaliation for the exercise of constitutional rights. He appealed only the issue concerning his transfer. Affirming the district court's dismissal, the Court said:

> *Thaddeus-X* expressly reaffirmed the familiar principle that "a prison regulation [that] impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Thaddeus-X*, ____ F.3d at ____, 1999 WL 114379 at *8. To establish a First Amendment retaliation claim, moreover, *Thaddeus-X* teaches that a prisoner must show an "adverse action" of a sort "that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Id.* at *15, quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).
>
> "[A]n action comparable to transfer to administrative segregation," the *Thaddeus-X* opinion notes, "would certainly be

adverse." ***Thaddeus-X***, ___ F.3d at ___, 1999 WL 114379 at *15. Transfer to the general population of another penal institution, in contrast, is, as we have said, simply one of the ordinary incidents of prison life. It cannot rise to the level of an "adverse action" because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights.

1999 WL 357825, **3.

Under the above authorities, the trial court did not err in holding that the defendants are entitled to qualified immunity and that the allegations of the complaint do not state a claim because there was no violation of established constitutional rights. Moreover, the allegations of the complaint are conclusory and do not sufficiently state a civil rights claim.

Accordingly, the order of the trial court dismissing plaintiff's complaint is affirmed. This case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Antonio Sweatt.