IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## JOHN WATSON v. MIKE YOUNG, ET AL

**An Appeal from the Circuit Court for Lake County
No. 98-7791; The Honorable R. Lee Moore, Jr., Judge**

**No. W1999-00683-COA-R3-CV - Decided July 10, 2000**

This appeal arises from a lawsuit filed by an inmate at the Northwest Correctional Complex. The complaint sought damages for personal injuries sustained as a result of an electrical shock allegedly caused by the Defendant's inactions. The Lake County Circuit Court dismissed the complaint finding that the plaintiff's claim sounded in negligence and the defendants, as state employees, enjoyed absolute immunity from negligence claims.

**Tenn.R.App.P. 3; Appeal as of right; Judgment of the Circuit Court Affirmed**

HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

John Watson, pro se, Tiptonville, Tennessee

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Pamela S. Lorch, Assistant Attorney General, Nashville, Tennessee, for Appellees

### OPINION

John Watson appeals from the decision of the Lake County Circuit Court, which dismissed his *pro se* complaint. For the reasons stated herein, we affirm the trial court's decision.

### I. Facts and Procedural History

John Watson ("Appellant") is a Tennessee Department of Correction inmate housed at the Northwest Correctional Complex ("NWCC") in Tiptonville, Tennessee. Mike Young and Sonny Wilkerson, the Defendants, were, at all times relevant, supervisors in the food service department at NWCC.

On May 8, 1998, the Appellant suffered burn injuries after allegedly coming into contact with exposed electrical wiring while working in the kitchen. He filed suit against Young and Wilkerson, claiming that they were aware of the risk of harm but failed to take any action to correct the dangerous condition. After no answer was filed on behalf of the defendants, the Appellant filed a

request for entry of default. On October 22, 1998, the trial court entered an order giving the Defendants thirty days in which to respond to the complaint.[1] Thereafter, the Attorney General's Office, on behalf of the defendants, filed a motion for an extension of time in which to respond to the complaint. The trial court granted the motion, and the defendants subsequently filed a motion to dismiss the complaint pursuant to Tennessee Rules of Civil Procedure 12.02(1) and (6).

On August 12, 1999, the trial court entered an order dismissing the case, finding that the complaint asserted claims for negligence and the defendants, as state employees, had absolute immunity from negligence claims pursuant to T.C.A. §9-8-307(h). The present appeal arises from the order dismissing the complaint.

## II. Law and Analysis

This appeal comes before the court on a motion to dismiss pursuant to rules 12.02(1) and (6) of the Tennessee Rules of Civil Procedure. In considering the appeal of a Rule 12.02(6) motion to dismiss, this court is required to take the allegations of the complaint as true and to construe the allegations liberally in favor of the plaintiff. Pemberton v. American Distilled Spirits Co., 664 S.W.2d 690, 691 (Tenn. 1984). Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. Humphries v. West End Terrace, Inc., 795 S.W.2d 128, 130 (Tenn. Ct. App. 1990). Our review of the complaint leads us to conclude that the motion to dismiss was properly granted.

The defendants, as state employees, enjoy immunity pursuant to T.C.A. § 9-8-307(h), which provides:

> State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain. For purposes of this chapter, "state officer" or "employee" has the meaning set forth in § 8-42-101(3).

The immunity provided by the quoted language serves as an absolute defense to all actions not within the express exceptions. Therefore, the dispositive issue in this case centers on the nature of the Appellant's cause of action.

In his complaint, entitled "Tort Complaint," the Appellant seeks redress for the "negligent and proximate injury he received while being confined to his assigned work duty." He further claims that his injuries would not have occurred "had the defendants took reasonable care" and that their

---

[1] Subsequent to this order, both Defendants filed "memorandums" with the trial court in which they addressed the complaint filed by the Appellant.

"negligence was the proximate <u>result</u> of injuries plaintiff suffered."[2]  Even his brief, filed for the purposes of this appeal, speaks in terms of a negligence action.  While it is sometimes difficult to decipher a legal document written by a layperson, we are of the opinion that the Appellant's complaint clearly states a cause of action for negligence.

Even if we were to assume, *arguendo*, that the Defendants were aware of some defect in the electrical wiring, their failure to repair such a defect does not qualify as a willful, malicious, or criminal act.  At most, the Defendants were negligent in failing to remedy a known risk.  The Appellant's complaint speaks in negligence terms, and the mere insertion of words such as "wanton" or "deliberate indifference" does not change the character of the cause of action.  Therefore, no exception to the statutory immunity exists, and the trial court properly dismissed the complaint.[3]

The Appellant also claims that the Defendants violated his rights under the Eight Amendment to the United States Constitution.  We need not ponder long to conclude that the complaint fails to state a claim under the Eighth Amendment.  Prison conditions are violative of the Eighth Amendment only when they result in "serious deprivations of basic human needs."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 115 L.Ed.2d 271 (1981).  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health."  <u>Helling v. McKinney</u>, 509 U.S. 25, 35, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993).  As stated previously, the allegations in the complaint, at most, make out a claim for negligence.  Mere  negligence does not constitute deliberate indifference for the purposes of an Eighth amendment violation.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Moreover, we do not believe that the alleged injuries suffered by the Appellant are the type of "serious damage" contemplated by the applicable cases.  As such, we believe the trial court was correct in dismissing that part of the Appellant's complaint alleging a violation of his Eighth Amendment rights.

---

[2] We believe the Appellant intended the word "cause" instead of "result."

[3] In his appeal brief, the Appellant attempts to invoke T.C.A. § 9-8-307 (C), which confers jurisdiction for "Negligently created or maintained dangerous conditions on state controlled real property."  This issue has not been raised previously, therefore we shall not consider it in this appeal.  See <u>Lovell v. Metropolitan Government</u>, 696 S.W.2d 2 (Tenn. 1985);  <u>Lawrence v. Stanford</u>, 655 S.W.2d 927 (Tenn. 1983);  <u>Moran v. City of Knoxville</u>, 600 S.W.2d 725 (Tenn. Ct. App. 1979).

**Conclusion**

For the aforementioned reasons, the decision of the trial court is affirmed.[4]  Costs of the appeal are taxed against the Appellant, John Watson, for which execution may issue if necessary.

---

[4] The Appellant also claims that the trial court erred in failing to address his motion for default judgment.  The question of whether the default judgment should have been granted lies within the discretion of the trial court, and we find no reason to question the court's decision.