**Kiersten MORELAND, Plaintiff–
Appellant,**

v.

**WEAVER LEATHER GOODS,
INC., Defendant–Appellee.**

No. 99–6714.

United States Court of Appeals,
Sixth Circuit.

June 15, 2001.

Before JONES, SILER, and GILMAN,
Circuit Judges.

PER CURIAM.

Plaintiff Kiersten Moreland appeals the judgment as a matter of law entered for Defendant Weaver Leather Goods, Inc. in this product liability action. We affirm.

Moreland, a trick rider, was seriously injured as a result of being dragged behind her horse after a single ply leather strap manufactured by Weaver and used in securing her saddle snapped in two. She alleged that the leather strap, known as the off-billet, was defective and breached the implied warranty of fitness for a particular purpose. She further alleged that Weaver breached a duty to warn of

the off-billet's dangerous limitations and that the product was defective.

The breach of warranty claim was dismissed, and the claims of defectiveness and failure to warn proceeded to a jury trial. At the close of defendant's evidence, the court granted Weaver's motion for judgment as a matter of law.

This court uses the *de novo* standard when reviewing an appeal of a Fed. R.Civ.P. 50 decision. *See K & T Enter., Inc. v. Zurich Ins. Co.,* 97 F.3d 171, 175 (6th Cir.1996). Because this is a diversity case, the applicable sufficiency of evidence standard is that of the forum state. *See id.* at 176. Tennessee law requires that the evidence in this case be construed "in the light most favorable to the nonmovant" while "discarding all countervailing evidence." *Eaton v. McLain,* 891 S.W.2d 587, 590 (Tenn.1994).

Generally, a defendant is not liable for injuries caused by its product unless that "product is determined to be in a defective condition or unreasonably dangerous at the time it left the control" of the defendant. TENN. CODE ANN. § 29–28–105(a). A product is defective if it is unsafe for normal or anticipated use. *See* TENN. CODE ANN. § 29–28–102(2). Unreasonably dangerous is defined as "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics," or if a "reasonably prudent manufacturer or seller," aware of a product's danger, would not put the product on the market. TENN. CODE ANN. § 29–28–102(8). If the "facts and circumstances equally support the inconsistent theories" of the parties so that reasonable people might differ on this question, the case must proceed to the jury. *See Browder v. Pettigrew,* 541 S.W.2d 402, 405 (Tenn.1976).

■ Moreland offered no evidence to establish that the off-billet was defective at the time it left Weaver's possession and control pursuant to TENN. CODE ANN. § 29–28–105(a). She had been using it for five months before the accident, and even her own witnesses conceded that the billet was made of "first quality" leather. No witness had ever heard of a similar accident involving a Weaver leather off-billet, despite thousands of such billets having been sold over a twenty-year period. There was simply no evidence to demonstrate that the off-billet failed "the prudent manufacturer test, *Ray v. BIC Corp.,* 925 S.W.2d 527, 531 (Tenn.1996), and Tennessee law will not substitute the existence of an injury for proof of a defect." *See Fulton v. Pfizer Hosp. Prod. Group, Inc.,* 872 S.W.2d 908, 912 (Tenn.Ct.App.1993).

Nor did Moreland offer any evidence that the off-billet was unreasonably dangerous for its ordinary and normal use. Tennessee law imposes no duty to warn in such circumstances. *See Goode v. Tamko Asphalt Prod., Inc.,* 783 S.W.2d 184, 187 (Tenn.1989).

■ Regarding Moreland's second claim, a product does not become unreasonably dangerous just because there is a failure to adequately warn of a danger. *See* TENN. CODE ANN. § 29–28–105(d). A duty to warn does not exist if a danger is "open and obvious" or "the danger is evident to most users of a product." *Pemberton v. Am. Distilled Spirits Co.,* 664 S.W.2d 690, 693–94 (Tenn.1984)(internal quotations omitted). Furthermore, a finding that a product is not unreasonably dangerous precludes a duty to warn. *See Goode,* 783 S.W.2d at 187.

The district court's decision is in line with the recent Tennessee Supreme Court case of *Davis v. Komatsu Am. Indus., Corp.,* 42 S.W.3d 34 (2001), which held that

unless a component parts manufacturer participates in the design of a final product, it is not liable for damages so long as the component part is safe and non-defective. Therefore, the district court did not err in entering judgment as a matter of law for Weaver.

AFFIRMED.